Filed 4/7/14  P. v. Williams CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B251877 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. KA028679) |
| JAMES WILLIAMS, | |
| Defendant and Appellant. | |

———

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

———

California Appellate Project, Jonathan B. Steiner, and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———

This is an appeal from the denial of a petition for recall of sentence pursuant to Penal Code section 1170.126.[1]  The petition states that defendant James Williams was sentenced to an indeterminate term of 35 years to life for a third-strike offense of second-degree robbery.  The superior court denied Williams's petition with prejudice on the ground that robbery is a violent felony under section 667.5, subdivision (c)(9), rendering Williams ineligible for resentencing under section 1170.126.  Williams timely appealed.

We appointed counsel to represent Williams on appeal.  After examination of the record, counsel filed an opening brief raising no issues and asking us independently to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 119, 124.)  Under subdivision (c)(9) of section 667.5, "[a]ny robbery" is a violent felony.  Defendants serving sentences for convictions of felonies defined as violent felonies by subdivision (c) of section 667.5 are not eligible for recall of sentence under section 1170.126. (See, e.g., § 1170.126, subds.(b) & (e)(1).)  Williams's petition was therefore properly denied.

We advised Williams of his right to submit any contentions or issues that he wished us to consider, and he timely filed a supplemental brief, arguing that section 1170.126 violates his equal protection rights because it treats defendants whose third strike offense is a serious or violent felony differently from those whose third strike offense is not a serious or violent felony.  Williams argues that we must review section 1170.126 under the "strict scrutiny" standard because his fundamental right to personal liberty is at stake.  The Supreme Court, however, has rejected that argument, holding that the Legislature's definition of crimes and imposition of different sentences for crimes of differing severity do not trigger strict scrutiny.  (See *People v.*

---

[1]     All subsequent statutory references are to the Penal Code.

*Wilkinson* (2004) 33 Cal.4th 821, 837-838.) Rather, they are subject to rational basis review. (*Id.* at p. 838.)

Proposition 36, which includes section 1170.126, amended the "three strikes" law so that an indeterminate sentence of 25 years to life may be imposed only if the third strike conviction is a serious or violent felony. That sentencing disparity—indeterminate life sentences are reserved for serious or violent third strike offenses—is subject to rational basis review under the Equal Protection Clause, and it is undeniably rational; Williams does not argue to the contrary. Section 1170.126 merely provides a procedural mechanism by which inmates sentenced under the old version of the three strikes law may seek modification of their sentences if they would not have received an indeterminate life sentence under the new version. The classification used by section 1170.126—inmates who might be eligible for a lighter sentence under the new three strikes law may petition for recall of sentence, but inmates who are categorically ineligible (because of a serious or violent third strike) may not—is also subject to rational basis review, and it is undeniably rational; again, Williams does not argue to the contrary. For all of these reasons, we reject Williams's equal protection argument.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.


MILLER, J.*

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.